IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT T. JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2115-P |
| | § | |
| ERNEST WHITE, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Wilbert T. Johnson, a Texas prisoner, against a state district judge and various Dallas County prosecutors. On November 6, 2009, plaintiff tendered an eight-page complaint and a supporting memorandum of law to the district clerk. He also filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed.

II.

This is the latest attempt by plaintiff to challenge a 1990 probation revocation that was used by prosecutors to enhance his sentence for a subsequent murder. In his complaint, plaintiff generally

accuses the judge who presided over his state habeas case and the prosecutors involved in that proceeding of conspiring to impede, hinder, and prevent "the lawful adjudication on the merits pertaining to a void judgment[.]" (*See* Plf. Compl. at 6, ¶ 28).  More particularly, plaintiff alleges that the judge violated his constitutional rights by requiring him to challenge his probation revocation in an application for writ of habeas corpus, and then denying the writ as successive.  Plaintiff accuses the prosecutors of misstating the facts, withholding favorable information from the court, and other acts of misconduct.  By this suit, plaintiff seeks compensatory damages for mental and emotional distress, punitive damages, and injunctive and declaratory relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*,

127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

The court initially observes that plaintiff cannot sue the judge and prosecutors for money damages. "[J]udges and prosecutors are immune from suit for actions taken within the scope of their jurisdiction." *Snowden v. Halsey*, No. 3-06-CV-1807-M, 2006 WL 3780881 at *2 (N.D. Tex. Oct. 30, 2006), *rec. adopted*, 2006 WL 3813784 (N.D. Tex. Dec. 26, 2006), *citing Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (absolute immunity for judges), *and Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (same as to prosecutors). Because defendants were acting within the scope of their authority at all times relevant to the claims made the basis of this suit, they are entitled to absolute immunity.

## C.

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that the judge failed to properly apply the law on state habeas review and that the prosecutors misled the court about the true facts underlying his probation revocation--all of which prevented plaintiff from challenging a void judgment. Such claims necessarily imply the invalidity of plaintiff's probation revocation, which has never been reversed or declared invalid. Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g. Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 116 S.Ct. 148 (1995) (applying *Heck* to bar civil rights claim alleging that illegal arrest resulted in revocation of parole and probation on other charges); *Ferguson v. City of Rowlett*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury was barred by *Heck*); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] To the extent plaintiff challenges the fact and duration of his current confinement, such a claim must be brought in an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973); *see also Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002). In this regard, the court notes that plaintiff already has filed two federal writs challenging his murder conviction and resulting life sentence on the ground that, *inter alia*, the 1990 probation revocation used to enhance his sentence was void. One writ was denied on the merits. *Johnson v. Johnson*, No. 3-95-CV-1973-T (N.D. Tex. May 13, 1996), *COA denied*, No. 96-10640 (5th Cir. Sept. 17, 1996). The other writ was dismissed as successive. *Johnson v. Cockrell*, No. 3-02-CV-1452-L (N.D. Tex. Aug. 5, 2002).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE